## HYDE v. ADAMS.

No. 16075—Opinion Filed Feb. 17, 1925.

(Syllabus.)

### Counties—Officers—Qualifications of Assistants—Residence in County.

Section 5736, Comp. Stats. 1921, prescribing that no person shall be eligible to any county office, unless he shall be at the time of his election or appointment a qualified voter of the county, refers to the offices created by law, to be filled by election, or in case of a vacancy, by appointment. It has no reference to assistants to the officers holding such offices, which are authorized by statute, for the purpose of enabling the officer elected or appointed more efficiently to perform the duties required of him by law.

Error from District Court, Logan County; Chas. C. Smith, Judge.

From order of County Commissioners of Logan County allowing claim of Herbert K. Hyde, John Adams appealed to district court. From an adverse judgment, Hyde brings error. Reversed.

Herbert K. Hyde, for plaintiff in error.

John Adams, for defendant in error.

BRANSON, V. C. J. Coming through the district court, in compliance with the statutes of the state, this matter reaches this court from an order of the board of county commissioners of Logan county, Okla., approving a claim of the appellant, Herbert K. Hyde, for his salary as assistant county attorney of said county of Logan for the month of September, 1924. His claim, properly filed, was duly allowed, and ordered paid by said board, but from its action the appellee herein perfected an appeal to the district court of said county, where the order of the board was reversed, and from this judgment Herbert K. Hyde appeals.

No questions are raised as to the regularity of the filing of the claim, the regularity of the order of the board of county commissioners, or the fact that he rendered the services for which the claim was filed. The only question on which the appeal from the order of the board of county commissioners was based in the district court was whether or not his salary could be paid, for that he was at the time of his appointment a resident and voter of Cleveland county, and not a resident and voter of Logan county. Immediately after his appointment, he became a resident of Logan county. The statute on which this contention is based is section 5736, Comp. Stats. 1921, and is as follows:

"No person shall be eligible to any county office, unless he shall be at the time of his election or appointment a qualified voter of the county."

The question is one of first impression, as it has never been before this court before. The section quoted follows a section in the statute prescribing that at each general election certain county officers, naming them, shall be elected, and prescribing the term of office of certain of said officers. It appears from the entire article in which the quoted section appears that the word "office" means the place or position to which an officer may be elected. In the quoted section, nothing but a strained construction can give that part of it which refers to "appointment" an interpretation other than appointment to an office which might be filled by election. That is to say, the eligibility of a person to hold such office by appointment refers to such office as he might hold at the hands of the electors, and no other. In the statutes authorizing assistants to the county attorney there is nothing creating a separate office in the sense in which the word "office" is used in this section. There are certain county offices, such as the office of sheriff, county judge, county attorney, county clerk, county treasurer, etc. These offices are filled by persons known as officers, and are elected in the first place, but should a vacancy occur by death or removal. the law vests an appointive power in the board of county commissioners, and the statute quoted merely requires the same qualifications of an appointee under such circumstances as it requires of one who receives the office at the hands of the electorate.

Assistants to the county attorney of the various counties of this state are not elective officers, and their qualifications or eligibility to fill the place and draw the

compensation provided for are not in any wise influenced by this statute. We do not mean to say that it is without the power of the Legislature to prescribe such a qualification to be possessed by all assistants, but what we mean to say is that this section of the statute and no other section pointed out in the briefs does so.

The judgment of the district court is reversed, with direction to enter a judgment affirming the order of the county commissioners, directing the payment of the claim here in dispute.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 15 C. J. p. 487.